UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| R.U.G.B.A., LLC, | |
| Plaintiff, | |
| v. | Case No.: |
| COLONY INSURANCE COMPANY, and XYZ CORPORATION (names being fictitious), | NOTICE OF REMOVAL |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE that Defendant Colony Insurance Company ("Colony"), by and through its attorneys Traub Lieberman Straus & Shrewsberry LLP, hereby removes the above-captioned action, commenced in the Superior Court of New Jersey, Law Division, Passaic County, and all claims and causes of action therein (the "State Court Action"), to the United States District Court for the District of New Jersey. In removing the State Court Action to this Court, Colony states as follows:

**Grounds for Removal**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

2. Venue is proper because this Court constitutes the "District Court of the United States for the district and division embracing the place where [the State Court Action] is pending." 28 U.S.C. §1441(a).

## Nature of the Action

3. This is an insurance coverage action brought under a commercial general liability policy in which the Plaintiff, R.U.G.B.A., LLC ("R.U.G.B.A."), seeks, *inter alia*, a judicial declaration that Colony has a duty to defend and indemnify R.U.G.B.A. in a lawsuit captioned *Botany Village Property, LLC v. Seerat Construction Corp., et al.*, Docket No. PAS-L-1631-20, pending in the Law Division of the New Jersey Superior Court for Passaic County (the "Underlying Action"). In additional to declaratory judgment, R.U.G.B.A. seeks 1) damages for alleged breach of the duty of good faith and fair dealing under the subject insurance policy; and 2) a judicial determination that Colony has waived its right to disclaim coverage or is estopped to do so.

## Procedural History and Timeliness of Removal

4. 28 U.S.C. §1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."

5. Plaintiff commenced the State Court Action on July 13, 2021.

6. Colony's agent for service of process received the summons and complaint in the State Court Action on July 20, 2021.

7. Pursuant to 28 U.S.C. 1446(b), the within Notice of Removal is required to be filed with this Court on or before August 19, 2021, rendering the Notice timely.

8. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings and orders in the State Court Action are attached hereto as Exhibit "A."

9. Promptly after filing this Notice of Removal, Colony will provide written notice of such to Plaintiff and will file a copy of this Notice of Removal with the Superior Court of New Jersey, Law Division, Passaic County, in compliance with 28 U.S.C. § 1446(d).

## Jurisdiction

10. 28 U.S.C. § 1332 provides that this Court has original jurisdiction over any action where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the matter is between "citizens of different States." 28 U.S.C. §§ 1332(a); 1332(a)(1).

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between the parties. Complete diversity existed at the time R.U.G.B.A. filed the complaint in the State Court Action and such exists at the time of the filing of this Notice of Removal.

12. Upon information and belief, Plaintiff R.U.G.B.A. is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York. Plaintiff's complaint in the State Court Action alleges that R.U.G.B.A. maintains its office at 33 West 46th Street in New York City. *See* State Court Action Complaint p. 1, within Exhibit "A" attached hereto.

13. Colony is an insurance company organized and existing under the laws of the State of Virginia, with its principal place of business in Virginia.

14. The amount in controversy exceeds $75,000, exclusive of interests and costs, because the applicable limit of liability of the insurance policy at issue herein is $1 million, and the amount that the plaintiff in the Underlying Action seeks against R.U.G.B.A. exceeds $75,000.

15. No previous application has been sought for the relief requested herein.

WHEREFORE, Defendant Colony Insurance Company respectfully submits that the State Court Action is properly removed to this Court from the Superior Court of New Jersey, Law Division, Passaic County.

| | |
|---|---|
| Dated: Red Bank, New Jersey<br>August 17, 2021 | TRAUB LIEBERMAN<br>STRAUS & SHREWSBERRY LLP<br><br>By: _____<br>Attorneys for Defendant<br>Colony Insurance Company<br>322 Highway 35<br>Red Bank, New Jersey 07701<br>(732) 985-1000<br>cgaza@tlsslaw.com |

To:   RICCI & FAVA, LLC
      Attorneys for Plaintiff
      R.U.G.B.A., LLC
      16 Furler Street, 2nd Floor
      Totowa, NJ 07512
      Attention: Ronald J. Ricci, Esq.
      rricci@riccifavalaw.com

## **CERTIFICATION OF SERVICE**

COPERNICUS T. GAZA hereby certifies the following:

1. I am an attorney in good standing duly admitted to practice law before the courts of the State of New Jersey and the United States District Court for the District of New Jersey.

2. On August 17, 2021, I caused to be forwarded via electronic mail and first class mail one copy of the foregoing Notice of Removal and Exhibit "A" thereto to:

> Ronald J. Ricci, Esq.
> Ricci & Fava, LLC
> 16 Furler Street, 2nd Floor
> Totowa, NJ 07512
> rricci@riccifavalaw.com
> Attorneys for Plaintiff
> R.U.G.B.A., LLC

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: August 17, 2021

                Copernicus T. Gaza