# EXHIBIT A



**null / ALL**
**Transmittal Number: 23511593**
**Date Processed: 07/20/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Audrey Richards<br>Argo Group US, Inc.<br>175 E Houston St<br>Ste 1300<br>San Antonio, TX 78205-2265 |
| **Electronic copy provided to:** | Heather Gmyrek<br>Esequiel Contreras |

| | |
|---|---|
| **Entity:** | Colony Insurance Company<br>Entity ID Number  3656007 |
| **Entity Served:** | Colony Insurance Company |
| **Title of Action:** | R.U.G.B.A., LLC vs. Colony Insurance Company |
| **Matter Name/ID:** | R.U.G.B.A., LLC vs. Colony Insurance Company (11415494) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Passaic County Superior Court, NJ |
| **Case/Reference No:** | PAS-L-2232-21 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 07/20/2021 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ronald J. Ricci<br>973-837-1900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Received:
From:

Jul 16 2021 12:14pm
07/16/2021 11:22     #514 P.002/036

RICCI & FAVA, LLC
16 Furler Street, 2nd Floor
Totowa, NJ 07512
(973) 837-1900
Attorneys for Plaintiff(s)

---

R.U.G.B.A., LLC

SUPERIOR COURT OF NEW JERSEY
LAW DIVISON-PASSAIC COUNTY
DOCKET NO.: PAS-L-2232-21

v.

CIVIL ACTION

COLONY INSURANCE COMPANY, and
XYZ CORPORATION (names being fictitious)

Defendant(s),

**SUMMONS**

---

STATE OF NEW JERSEY, to the above-named Defendant(s):

**COLONY INSURANCE COMPANY**

The Plaintiff, named above, has filed lawsuit against you in the Superior Court of New Jersey. The complaint attached to this Summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when filed. You must also send a copy of your answer or motion to the Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is listed above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  7/16/2021

Donald F. Phelan
Donald F. Phelan, Clerk

**Name of Defendant to be served:** Colony Insurance Company
**Address for Service:**         8720 Stony Point Parkway, Suite 400
                                 Richmond, VA 23235

*\* $105.00 FOR CHANCERY DIVISION CASES OR $135.00 FOR LAW DIVISION CASES*

Received:
From:

Jul 16 2021 12:15pm
07/16/2021 11:22      #514 P.004/036

RICCI, FAVA, LLC
16 Furler Street, 2nd Floor
Totowa, NJ 07512
(973) 837-1900
Attorney for the Plaintiff
Ronald J. Ricci, Esq. ID#033531996

| | |
|---|---|
| **R.U.G.B.A., LLC,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: PASSAIC COUNTY |
| **Plaintiffs,** | |
| | Docket No: PAS-L- |
| **vs.** | |
| | CIVIL ACTION |
| **COLONY INSURANCE COMPANY, and XYZ CORPORATION (names being fictitious),** | |
| | **COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNEL, AND CERTIFICATION** |
| **Defendants.** | |

The Plaintiff, R.U.G.B.A., LLC ("RUGBA") with offices located at 33 West 46th Street, New York, New York 10036, by way of Complaint against the Defendants, alleges and says:

## FIRST COUNT

1.      At all times relevant hereto, the defendant, Colony Insurance Company ("COLONY") is a corporation licensed to do business in the State of New Jersey as an insurance company, providing general liability for individuals and corporate entities.

2.      XYZ Inc. (a fictitious name) is named in the event that the proper name for the above referenced corporation is other than as represented above.

3.      At all times relevant hereto, the plaintiff is the owner of a policy of insurance

Jul 16 2021 12:15pm   #514   P.005/036

07/16/2021 11:22

Received:                                        From:

issued by the defendants for general liability, which policy of insurance was originated and is dated as of January 5, 2019. Said policy of insurance contains an expiration date of January 5, 2020. The Policy Number is 1036L0016521-02.

4.     The Owner of the aforesaid policy is identified on the declaration page of the application, as referenced above, which owner is shown to be the Plaintiff, R.U.G.B.A.

5.     At no time has the Owner of the aforesaid policy been changed.

6.     Botany Village property, LLC filed a lawsuit against R.U.G.B.A in the Passaic County Superior Court. The Complaint alleges that R.U.G.B.A. was negligent in failing to provide, competent project managerial services, in failing to properly supervise its subcontractor, failing to ensure the financial stability of its subcontractor and in failing to hire, select and/or recommend to the Botany Village Property, LLC a competent contractor.

Botany Village Property, LLC further alleged that it sustain property damage to a building it owned because of R.U.G..B.A.'s negligence.

7.     The before described General liability policy has language which reads,

"we will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage."

8.     Thereafter Plaintiff R.U.G.B.A. forwarded the Complaint to Colony who received it on or about June 11, 2020.

9.     Four days later, on June 15, 2020, Defendant Colony Insurance Company sent a letter to Plaintiff advising there was no coverage for this claim under the policy that you purchased from Colony. The letter further indicated,

"In order to comply with Section 3420 of the New York Insurance law, Colony is issuing the coverage position letter that the conditions of coverage have not been met and no coverage applies to this claim. A true copy of the letter is attached as exhibit "A" to this Complaint."

10.    On or about December 18, 2020, Botany Village Property filed an Amended

Complaint naming Colony Insurance as a direct Defendant. A true copy of the Amended

Complaint is attached as exhibit "B".

11.    On March 1, 2021, Argo Group on behalf of Defendant Colony Insurance

Company forwarded the Plaintiff a letter stating in relevant part

"As you are aware, Colony Insurance Company ("Colony" or the "Company") issued the referenced general liability policy to R.U.B.G.A., LLC ("R.U.B.G.A."). This follows our letter dated June 15, 2020, in which Colony advised that no coverage was available for the claims asserted by Botany Village Property. We write to advise that, notwithstanding the Company's prior disclaimer of coverage, Colony is agreeable to defending R.U.G.B.A. in the referenced lawsuit. However, such defense would be subject to a full and complete reservation of rights to withdraw counsel and deny coverage, as set forth below."

A true copy of the letter is attached as Exhibit "C".

12.    Defendant Colony Insurance Company never advised the Plaintiff the reasons for

its change in position set forth in the March 1, 2021 letter.

13.    A controversy exists between the parties concerning their respective rights under

the policy as follows:

    a)    Whether policy number 103GL0016521-02 issued by Colony Insurance to

        Plaintiff provides coverage for the loss set forth in the legal action pending in

        the Passaic County Superior Court under Docket No.: PAS-L-1631-20.

14.    By reason of the foregoing, a declaratory judgment is both necessary and proper

Jul 16 2021 12:15pm    #514  P.006/036

07/16/2021 11:22

Received:

From:

Received:
From:

Jul 16 2021 12:15pm
07/16/2021 11:23        #514 P.007/036

in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned policy.

**WHEREFORE,** Plaintiff respectfully requests the Court enter judgment as follows:

1. Declaring that the aforementioned insurance policy between the Plaintiff and the Defendant was in full force and effect as of the date of August 12, 2019 and covered the type of loss claimed in the lawsuit under docket number PAS-L-1631-20.

2. Declaring the rights and other legal obligations of the Plaintiff and the Defendant arising under the aforementioned insurance policy.

3. Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

<u>**SECOND COUNT**</u>

1. The Plaintiff repeats each and every allegation contained in the First Count of the Complaint as if fully set forth herein at length.

2. Defendant has breached the duty of good faith and fair dealing implied in the policy, a contract of insurance.

3. The Defendant has acted in bad faith in denying the Plaintiff the benefit of the aforesaid policy, the proceeds of which is important with regards to the lawsuit pending, under docket number PAS-L-1631-20.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, interest, costs of suit, attorney's fees and for any such other relief as the Court may deem just, proper and equitable under the circumstances.

## THIRD COUNT

1. The Plaintiff repeats each and every allegation contained in the previous counts of the Complaint as if fully set forth herein at length.

2. Defendants conduct in charging a deductible barred it's right to deny coverage to the Plaintiff.

3. The Defendant's waived their right to disclaim coverage to the Plaintiff on the subject policy pursuant to the doctrine of "Waiver" and "Estoppel".

**WHEREFORE**, Plaintiff demands judgment against the Defendant that Defendant cannot disclaim coverage on the before mentioned insurance policy, attorney's fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as on all issued herein presented.

RICCI & FAVA, LLC
Attorneys for Plaintiff

RONALD J. RICCI, ESQ.

Dated: 7/13/21

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, attorney Ronald J. Ricci, Esquire is hereby designated as trial counsel.

RICCI & FAVA, LLC
Attorneys for Plaintiff

RONALD J. RICCI, ESQ.

Dated: 7/13/21

## CERTIFICATION

Pursuant to R.4:25-4, I certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

RICCI & FAYA, LLC
Attorneys for Plaintiff

RONALD J. RICCI, ESQ.

Dated: 7/ 13/ 21

#514 P.010/036

Jul 16 2021 12:15pm
07/16/2021 11:23

Received:

From:

# EXHIBIT A

Received:
From:                              Jul 16 2021 12:16pm
                                   07/16/2021 11:23      #514 P.011/036



**COLONY SPECIALTY**
*Member Argo Group*

June 15, 2020

R.U.B.G.A LLC
33 W 46ᵗʰ Street
New York, NY  10036

Certified Mail and Email: regis@oldbridgeconstruction.com

Re:  Insured:      R.U.B.G.A LLC
     Company:     Colony Insurance
     Claim No:    L-099-1020152
     Claimant:    Botany Village Property LLC
     DOL:         August 12, 2019

Gentlemen

We are writing on behalf of Colony Insurance Company ("Colony") to acknowledge receipt of the above claim, which has been tendered to Colony for coverage under Policy No. 103 GL 0016521-02 issued to Colony's named insured, R.U.B.G.A LLC ("RUBGA"). The purpose of this letter is to advise that there is no coverage for this claim under the policy that you purchased from Colony.

### FACTUAL BACKGROUND AND ALLEGATIONS

Colony received notice of a lawsuit on June 11, 2020 by virtue of an email from plaintiff counsel Foster & Mazzie, LLC. Attached to the email was a letter of representation from Foster & Mazzie, LLC stating that Botany Village Property LLC ("Botany") had initiated a lawsuit on June 1, 2020 for your project at 254 Dayton Avenue at Clifton New Jersey with R.U.B.G.A LLC and your subcontractor Serrat Construction Corporation "("Serrat") who you had hired to complete demolition work. Our subsequent conversations with your company and the attorney for the claimant confirm that Seerat Construction Corporation was the subcontractor of the demolition and was property damage while working at the project. After many weeks of requests for the contract and insurance information between Serrat Construction Corporation, and R.U.B.G.A LLC we have not received any of the documents. which does not comply with the Conditions of Coverage of your policy. In order to comply with Section 3420 of the New York Insurance Law, Colony is issuing this coverage position letter that the Conditions of Coverage have not been met and no coverage applies to this claim.

### COVERAGE

Colony issued a commercial general liability policy to R.U.B.G.A LLC ("RUBGA"). under the above policy number ████████████ with effective dates of January 5, 2019 to January 5, 2020. The policy contains a general liability limit in the amount of $1,000,000 with a $ 15,000 per occurrence deductible, which includes expense.

P O Box 469012                    T 715.344.1094
San Antonio, TX 78246             F 770.751.5090
www.colonyspecialty.com

R.U.B.G.A LLC
Claim L-099-1020152

Your policy's COMMERICAL GENERAL LIABILITY COVERAGE FORM (CG0001 12 07) and applicable endorsements contain certain exclusions and conditions of coverage. First, we refer you to the Insuring Agreement, which states:

## SECTION I - COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result...

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)  The "bodily injury" or "property damage" occurs during the policy period;

*****

Your policy contains the following endorsement which modifies coverage:

## NO COVERAGE APPLIES IF CONTRACTOR CONDITIONS NOT MET

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended and the following added:

**No Coverage Applies If Contractor Conditions Not Met**

As a condition precedent to any rights the insured may have under this Policy, the insured must comply with all of the conditions enumerated below. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

Jul 16 2021 12:16pm    07/16/2021 11:23    #514   P.012/036

Received:

From:

R.U.B.G.A LLC
Claim L-099-1020152

If prior to the commencement of any work, the insured fails to comply with the below conditions, any claim in which a "contractor" whose work directly or indirectly gives rises to the claim will not be payable under this Policy. We will have no obligation to either defend or indemnify the insured for any claims or legal actions brought against any insured.

The insured hereby warrants and agrees that any "contractor" has complied with all of the following conditions prior to the commencement of any work performed:

   **(1)** The "contractor" has signed and executed an agreement with the insured which contains the following provisions:

      **(a)** a hold harmless agreement indemnifying the insured, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor", including all expenses and legal fees incurred to defend claims alleging such losses; and

      **(b)** a requirement for the "contractor" to name the insured as an Additional Insured under their Commercial General Liability policy;

   **(2)** The "contractor" has maintained "adequate insurance";

   **(3)** The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage; and

   **(4)** All documents required must be kept on file and made available at our request.

Nothing contained herein shall be held to vary, waive or extend any of the terms of the conditions, provisions, agreements or limitations of this Policy other than as stated below.

**B.** As used in this endorsement, **SECTION V – DEFINITIONS** is amended to include the following:

   1. "Adequate insurance" means Commercial General Liability Insurance, Workers' Compensation and Employer's Liability Insurance written by an insurance carrier with an A.M. Best rating of not less than A- VII and which:

      a. remains in force and effect from the date in which the contract for work being formed for the insured or on the insured's behalf is executed until the date in which the work is completed and the insurance is not cancelled, discontinued nor does not expire during this period of time;

      b. provides Limits of Insurance for such operations that are equal to or greater than the following Limits of Insurance;

         i. Each Occurrence Limit: $1,000,000

         ii. General Aggregate Limit: $2,000,000

         iii. Products/Completed Operations Aggregate Limit: $2,000,000

      c. includes coverage for work being performed for the insured or on the "contractor's" behalf;

      d. does not exclude any claim, suit, loss, cost or expense arising out of any "bodily injury" to any "worker" of the "contractor" where the exclusion does not provide an exception for liability assumed by the insured under an "insured contract";

      e. does not contain any conditions or provisions that preclude coverage based on requirements for hiring or contracting with subcontractors or independent contractors; and

103 GL 0016521-02

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CONTRACTOR WARRANTY – SPLIT SCHEDULE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULES

| SCHEDULE A |
| --- |
| **No Coverage Applies If Contractor Conditions Not Met** |
| **Description of Designated Operation(s):** |
| All work, activities, or operations involving any of the following: land excavation, building foundation formation, load bearing beam installation, load bearing beam removal, structural steel installation, structural steel removal, elevator shaft work, or performed on the exterior of any building or structure. |
| **Specified Location(s):** |
| **Contractor's Commercial General Liability Limits of Insurance Requirements:** |
| Each Occurrence Limit: $5,000,000 |
| General Aggregate Limit: $5,000,000 |
| Products/Completed Operations Aggregate Limit: $5,000,000 |

| SCHEDULE B |
| --- |
| **No Coverage Applies If Contractor Conditions Not Met** |
| **Contractor's Commercial General Liability Limits of Insurance Requirements:** |
| Each Occurrence Limit: $1,000,000 |
| General Aggregate Limit: $2,000,000 |
| Products/Completed Operations Aggregate Limit: $2,000,000 |

A. **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended by the addition of the following:

1. **No Coverage Applies If Contractor Conditions Not Met (SCHEDULE A above applies)**

   We will have no duty to defend or indemnify any insured if prior to the commencement of any work the insured fails to satisfy all conditions precedent to coverage set forth below with respect to the designated operations described and locations specified in SCHEDULE A above. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

U658B-0117          Includes copyrighted material of Insurance Services Office, Inc.,          Page 1 of 3
                                          with its permission.

R.U.B.G.A LLC
Claim L-099-1020152

f. does not exclude any claim, suit, loss, cost or expense arising out of any "bodily injury" or "property damage" arising out of work being contracted to be performed by or performed by the "contractor".

2. "Contractor" means contractors, subcontractors, independent contractors or any other person or entity hired to perform work for the insured or on the insured's behalf.

3. "Worker" means any "employee", "temporary worker", "leased worker", volunteer, apprentice, intern, casual laborer, borrowed employee, borrowed servant, independent contractor or subcontractor, or any person hired or retained by them, that performs work, whether directly

Your policy contains the following pertinent definitions:

**SECTION V – DEFINITIONS**

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13.     Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

This claim arises out of an property damage to Botany Village Property LLC. You have failed to furnish a contract with your subcontractor, "Serrat Construction Corporation", and the above conditions of coverage have not been met. The claim will not be payable under this Policy and Colony will have no obligation to either defend or indemnify for any claims or legal actions brought against any insured in connection with accident.

In summary, Colony's policy does not provide coverage for this claim. It is important that you review this matter with your personal counsel to ensure your interests are protected. We are willing to investigate any other information you feel is relevant to possible coverage under the policy.

This letter is in no way intended to limit or restrict Colony from relying upon or asserting other facts, grounds and policy provisions that are or may become applicable and available to it in support of a denial of coverage. The failure of this letter to reference other provisions of the policy or other principles of law is not intended to waive any such right and/or defenses Colony may have under the policy and applicable law, and Colony expressly reserves its rights to assert any and all such defenses to coverage.

This letter involves contract interpretation. If you or your legal representative have any questions or disagree with Colony's position on coverage, please contact the undersigned at the phone number listed below. If you are aware of, or in the future if you obtain additional information that may bear on any of the information or positions set forth in this letter, or if you disagree with the statements contained in this letter, please let us know and we will again review this matter.

If you receive any amended suit or other correspondence regarding this incident, please forward them immediately to Colony at either the fax, e-mail, or postal address below so that we may review them with regard to our position on coverage. It is important that we receive any such paperwork promptly.

FAX:     303-773-7373
MAIL:     P O Box 469012, San Antonio, TX  78246

#514  P.016/036

Jul 16 2021 12:16pm  07/16/2021 11:24

Received:

From:

R.U.B.G.A LLC
Claim L-099-1020152

**E-MAIL:**   claimreporting@colonyspecialty.com

Sincerely,

*[signature]*

**Theresa Ann Koziczkowski**
*Sr. Claims Technical Specialist*

Argo Group US
3480 Preston Ridge Road Suite 250
Alpharetta, Georgia 30005
United States of America

Mailing Address:
PO Box 469012
San Antonio, TX 78246

E theresa.koziczkowski@colonyspecialty.com

CC;

RT Specialty Claims Department
RT Specialty, LLC
RTSBuffaloService@rtspecialty.com

Borrell Partners Insurance Agency, LLC
287 Bowman Avenue / 4th Floor
Purchase, New York 10577
plb@borrellpartners.com

Received:   Jul 16 2021 12:17pm   #514   P.017/036
07/16/2021 11:24

EXHIBIT B

From:

PAS-L-001631-¹⁰  01/08/2021 12:17:34 PM  Pg 1 of 10 Tⁱⁱⁱˢ ID: LCV202155350
PAS-L-001631-20  12/18/2020 2:10:34 PM  Pg 2 of 11 Trans ID: LCV20202307596

Mario Batelli - 022011998
FOSTER & MAZZIE, LLC
10 FURLER STREET
TOTOWA, NJ 07512
(973) 785-4000 FAX: (973) 785-9220
Attorney(s) for Plaintiff, Botany Village Property LLC
Our File No.: 19-2085

| | |
|---|---|
| BOTANY VILLAGE PROPERTY LLC, <br><br> Plaintiff <br><br> vs. <br><br> SEERAT CONSTRUCTION CORP., D.S. MASONRY INC., COLONY INSURANCE COMPANY, R.U.B.G.A. LLC, JOHN DOES 1-10 (FICTITIOUS INDIVIDUALS) AND ABC ENTITIES 1-10 (FICTITIOUS LEGAL ENTITIES) <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: PASSAIC COUNTY <br><br> Docket No.: PAS-L-1631-20 <br><br> <u>CIVIL ACTION</u> <br><br> <u>AMENDED COMPLAINT</u> |

The plaintiff, Botany Village Property LLC (hereafter "Botany"), with its principle business address located at 16 Hamilton Trail, Totowa, New Jersey 07512, by way of complaint against the Defendants hereby says:

<u>FIRST COUNT</u>

1.    At all times referenced herein, Botany was the owner of a parcel of land and structure located at 254 Dayton Avenue, Clifton, New Jersey 07011.

2.    At all times referenced herein, R.U.B.G.A. LLC was engaged in the business of construction and construction management, having its principle place of business located at 33 W 46th Street, 9th Floor, New York, NY 10036.



PAS-L-001631-      01/05/2021 12:17:34 PM Pg 2 of 10 T    s ID: LCV202155350
PAS-L-001631-20   12/18/2020 2:10:34 PM  Pg 3 of 11 Trans ID: LCV20202307596

3.      At all times referenced herein, Seerat Construction Corporation was engaged in the business of construction and maintained its principle place of business located at 98 Bloomingdale Road, Levittown, New York 11756.

4.      At all times referenced herein, D.S. Masonry Inc. was engaged in the business of construction and maintained its principle place of business located at 97 Prospect Avenue, Woodcliff Lake, New Jersey 07677.

5.      Upon information and belief, Seerat Construction Corporation and D.S. Masonry Inc. have a common ownership and interchangeably use corporate names on business documents including quotes for services and contracts.

6.      On November 11, 2018, Botany and R.U.B.G.A. LLC entered into a Contract whereby R.U.B.G.A. LLC agreed, in part, to serve as construction manager for construction project of the plaintiff located at 254 Dayton Avenue, Clifton, New Jersey.

7.   .  The Contract as to 254 Dayton Avenue concerned renovation of apartments, existing restaurant, as well as construct addition and alteration.

8.      The Contract also required R.U.B.G.A. LLC to consult with and supervise the projects, hire contractors, guide and coordinate with the architect, and ensure that site guidelines were met.

9.      Defendant R.U.B.G.A. LLC recommended that plaintiff hire Seerat Construction Corporation and/or D.S. Masonry Inc. to perform basement foundation services.

PAS-L-001631-⋅ ⋅ ⋅   01/08/2021 12:17:34 PM  Pg 3 of 10 Ⓣ ͏ s ID: LCV202155350
PAS-L-001631-20   12/18/2020 2:10:34 PM  Pg 4 of 11 Trans ID: LCV20202307596

10.    On May 19, 2019, D.S. Masonry Inc. forwarded to R.U.G.B.A. LLC a contract to perform subcontractor services at the property of the plaintiff which included installation of a concrete footing in the basement, pouring foundation wall in the basement, pouring a concrete slab with a smooth finish in the basement, and installing a block on the first floor.

11.    R.U.G.B.A. LLC accepted the proposal of D.S. Masonry on May 20, 2019.

12.    On July 9, 2019, plaintiff and defendants Seerat Construction Corporation and/or defendant D.S. Masonry Inc. entered into a Contract whereby Seerat Construction Corporation was to install basement foundation block wall with eight inch block, first floor wall work with six inch block, four inch concrete work throughout the basement, and first floor four inch two slab concrete work.

13.    The Contract drafted by Seerat Construction Corporation and/or D.S. Masonry Inc. represented that insurance would be provided by R.U.B.G.A. LLC.

14.    Seerat Construction Corporation and/or D.S. Masonry Inc. owed Plaintiff a duty to perform construction services in a professional and workmanlike manner, to construct in accordance with architectural and/or engineering plans, and to perform construction services in accordance with the direction of the project manager, R.U.B.G.A. LLC.

15.    On or about August 12, 2019, Seerat Construction Corporation and/or D.S. Masonry Inc., by and through its agents, servants and/or employees, while engaging in construction work, breached said duty, and was otherwise was negligent

Received:
From:
Jul 16 2021 12:17pm
07/16/2021 11:25     #514  P.021/036

PAS-L-001631-    01/08/2021 12:17:34 PM  Pg 4 of 10 T    s ID: LCV202155350
PAS-L-001631-20  12/18/2020 2:10:34 PM  Pg 5 of 11 Trans ID: LCV20202307596

in performing construction services, thereby resulting in a partial collapse of the structure.

16.     As a proximate result of negligence of the defendant, Seerat Construction Corporation and/or D.S. Masonry Inc., because there was a partial collapse of the building, the City of Clifton directed that the plaintiff completely demolish the structure in the early morning hours of August 13, 2019.

17.     As a proximate result of negligence of the defendant, Plaintiff sustained damages totaling $2,202,343.64 for demolition, removal of debris and reconstruction of the building.

WHEREFORE, plaintiff Botany demands judgment against the defendants, Seerat Construction Corporation and/or D.S. Masonry Inc., for the sum of $2,202,343.64 plus interest, attorney's fees, and cost of suit.

### SECOND COUNT

1.     Plaintiff repeats each and every allegation of the First Count of this Complaint as if set forth at length herein.

2.     Defendant R.U.B.G.A. LLC owed Plaintiff a duty to provide services as a project manager in a professional manner; to properly supervise the project and subcontractors; to ensure the financial stability of subcontractors it hired, selected and/or recommended; and to hire, select and/or recommend to Plaintiff competent/qualified subcontractors.

3.     Defendant R.U.B.G.A. LLC breached said duty and was otherwise careless and negligent in failing to provide professional, competent project managerial services; in failing to properly supervise its subcontractor, Seerat

Construction Corporation; in failing to ensure the financial stability of its subcontractor, Seerat Construction Corporation; and in failing to hire, select and/or recommend to Plaintiff a competent subcontractor.

4.  As a proximate result of the carelessness and negligence of the Defendants, R.U.B.G.A. LLC and Seerat Construction Corporation and/or D.S. Masonry Inc., plaintiff sustained damages totaling $2,202,343.64 which said sum concerns demolition, removal of debris and reconstruction of the property.

WHEREFORE, plaintiff Botany demands judgment against the defendant, R.U.B.G.A. LLC, for the sum of $2,202,343.64 plus interest, attorney's fees, and cost of suit.

### THIRD COUNT

1.  Plaintiff repeats each and every allegation of the First and Second Counts of this Complaint as if set forth at length herein.

2.  Defendants Seerat Construction Corporation and/or D.S. Masonry Inc. breached the contract it had with Plaintiff by failing to provide to Plaintiff professional, competent and workmanlike construction services; by failing to construct in accordance with architectural and/or engineering plans; and by failing to perform construction services in accordance with the direction of the project manager, R.U.B.G.A. LLC.

3.  As a proximate result of Defendant's breach of the contract, plaintiff sustained damages totaling $2,202,343.64 which said sum concerns demolition, removal of debris and reconstruction of the property.

PAS-L-001631-⁻⁻   01/08/2021 12:17:34 PM  Pg 6 of 10 T⁻⁻  s ID: LCV202155350
PAS-L-001631-20  12/18/2020 2:10:34 PM  Pg 7 of 11 Trans ID. LCV20202307596

WHEREFORE, plaintiff Botany demands judgment against the defendant, Seerat Construction Corporation and/or D.S. Masonry Inc., for the sum of $2,202,343.64 plus interest, attorney's fees, and cost of suit.

### FOURTH COUNT

1.      Plaintiff repeats each and every allegation of the First, Second and Third Counts of this Complaint as if set forth at length herein.

2.      Defendant R.U.G.B.A. LLC breached the contract it had with Plaintiff by failing to provide professional, competent project managerial services; failing to properly supervise its subcontractor, Seerat Construction Corporation and/or D.S. Masonry Inc.; failing to ensure the financial stability of its subcontractor, Seerat Construction Corporation and/or D.S. Masonry Inc.; and failing to hire, select and/or recommend to Plaintiff a competent/qualified subcontractor.

3.      As a proximate result of Defendant's breach of the contract, plaintiff sustained damages totaling $2,202,343.64 which said sum concerns demolition, removal of debris and reconstruction of the property.

WHEREFORE, plaintiff Botany demands judgment against the defendant, R.U.G.A. LLC, for the sum of $2,202,343.64 plus interest, attorney's fees, and cost of suit.

### FIFTH COUNT

1.      Plaintiff repeats each and every allegation of the First, Second, Third and Fourth Counts of this Complaint as if set forth at length herein.

2.      At the time of the loss, R.U.G.B.A. LLC was insured by Colony Insurance Group for liability coverage.

3.      After the loss, R.U.G.B.A. LLC submitted to Colony Insurance Group request for defense and indemnity for damages which were a proximate result of the negligence of R.U.G.B.A. LLC.

4.      Defendant Colony Insurance Group wrongfully denied coverage despite R.U.G.B.A. LLC satisfying all conditions pursuant to the policy of insurance.

5.      Plaintiff is a third-party beneficiary to the insurance contract between defendants R.U.G.B.A. LLC and Colony Insurance Group and as such, has standing to bring this claim pursuant to N.J.S.A. 2A:16-50 et seq.

6.      As a direct and proximate result of the breach of the contract by Colony Insurance Group to R.U.G.B.A. LLC, plaintiff has been damaged in that there is no insurance coverage to indemnify plaintiff based upon the carelessness and negligence of the defendant R.U.G.B.A. LLC for which defendant R.U.G.B.A. LLC was insured through Colony Insurance Group.

WHEREFORE, plaintiff seeks a declaration that the policy of insurance issued to R.U.G.B.A. LLC by Colony Insurance Group shall be in full force in effect and shall provide indemnity and a defense to R.U.G.B.A. LLC for the claim of the plaintiff, plus any other relief that the Court deems just and equitable.

## SIXTH COUNT

1.      Plaintiff repeats each and every allegation of the First, Second, Third, Fourth, and Fifth Counts of this Complaint as if set forth at length herein.

2.      John Does 1-10 (fictitious individuals) and ABC Entities 1-10 (fictitious legal entities) are fictitious individuals and legal entities, respectively, whose identity is not yet known.

Received:
From:                                              Jul 16 2021 12:18pm
                                                   07/16/2021 11:25    #514 P.025/036

PAS-L-001631-╱ ⁀  01/08/2021 12:17:34 PM  Pg 8 of 10 T⁀ ⁀ s ID: LCV202155350
PAS-L-001631-20  12/18/2020 2:10:34 PM  Pg 9 of 11 Trans ID: LCV20202307596

3.     As a direct and proximate result of the carelessness and negligence of the Defendants, John Does 1-10 (fictitious individuals) and ABC Entities 1-10 (fictitious legal entities), plaintiff sustained damages for demolition, removal of debris and reconstruction of the building totaling $2,202,343.64.

4.     As a proximate result of negligence of the defendant, Plaintiff sustained damages for demolition, clean up and reconstruction of the building.

WHEREFORE, plaintiff Botany demands judgment against the defendants, John Does 1-10 (fictitious individuals) and ABC Entities 1-10 (fictitious legal entities), jointly and severely, for the sums of $2,202,343.64 plus interest, attorney's fees, and cost of suit.

<u>SEVENTH COUNT</u>

1.     Plaintiff repeats each and every allegation of the First, Second, Third, Fourth, Fifth, and Sixth Counts of this Complaint as if set forth at length herein.

2.     John Does 1-10 (fictitious individuals) and ABC Entities 1-10 (fictitious legal entities), entered into contracts with Plaintiff to serve as construction manager for construction project, and or to install basement foundation block wall with eight inch block, first floor wall work with six inch block, four inch concrete work throughout the basement, and first floor four inch two slab concrete work, in the premises of the plaintiff located at 254 Dayton Avenue, Clifton, New Jersey.

3.     John Does 1-10 (fictitious individuals) and ABC Entities 1-10 (fictitious legal entities) breached the contract it had with Plaintiff by failing to provide to Plaintiff professional, competent and workmanlike construction services; by failing to construct in accordance with architectural and/or engineering plans; and by failing

to perform construction services in accordance with the direction of the project manager; by failing to provide professional, competent project managerial services; failing to properly supervise its subcontractor; failing to ensure the financial stability of its subcontractor; and failing to hire, select and/or recommend to Plaintiff a competent/qualified subcontractor.

4.     As a proximate result of Defendant's breach of the contract, plaintiff sustained damages totaling $2,202,343.64 which said sum concerns demolition, removal of debris and reconstruction of the property.

WHEREFORE, plaintiff Botany demands judgment against the defendants, John Does 1-10 (fictitious individuals) and ABC Entities 1-10 (fictitious legal entities), jointly and severely, for the sums of $2,202,343.64 plus interest, attorney's fees, and cost of suit.

### JURY DEMAND

The plaintiff hereby demands a trial by jury as to all issue so triable.

Dated: 1/8/2021

By: _____
                            MARIO BATELLI

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Carl Mazzie, Esq., is hereby designated as Trial counsel in the within matter.

Dated: 1/8/2021

By: _____
                            MARIO BATELLI

### CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

Received:
From:                                           Jul 16 2021 12:18pm
                                                07/16/2021 11:26      #514 P.027/036

PAS-L-001631-⁊    01/08/2021 12:17:34 PM  Pg 10 of 10 ⁊   is ID: LCV202155350
PAS-L-001631-20   12/18/2020 2:10:34 PM  Pg 11 of 11 Trans ID: LCV20202307596

Plaintiff hereby certifies that all confidential personal identifiers have been

removed in accordance with R. 4:5-1(b)(2).

Dated: 1/8/2021                          By: _____
                                                MARIO BATELLI


### R.4:5-1 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any

Court or of a pending Arbitration proceeding and no other action or Arbitration

proceeding is contemplated.

There are no other parties who should be joined in this action.

Dated: 1/8/2021                          By: _____
                                                MARIO BATELLI

Received:

Jul 16 2021 12:18pm
07/16/2021 11:26     #514  P.028/036

From:

# EXHIBIT C

**ARGO GROUP**

March 1, 2021

**VIA EMAIL**
**regis@oldbridgeconstruction.com**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

R.U.B.G.A. LLC
33 West 46th Street
New York, New York 10036

Attention: Regis Androvic

|  | Re: | Insured | : | R.U.B.G.A. LLC |
|--|-----|---------|---|----------------|
|  |  | Matter | : | *Botany Village Property, LLC v.* |
|  |  |  |  | *Seerat Construction Corp., et al.* |
|  |  |  |  | (including R.U.G.B.A. LLC) |
|  |  |  |  | Docket No. PAS-L-1631-20 |
|  |  |  |  | New Jersey Superior Court, Passaic County |
|  |  | Policy No. | : | 103 GL 0016521-02 (01/05/2019 to 01/05/2020) |
|  |  | Date of Loss | : | August 12, 2019 |
|  |  | Argo Claim | : | L-099-1020152 |

Dear Mr. Androvic:

As you are aware, Colony Insurance Company ("Colony" or the "Company") issued the referenced general liability policy to R.U.G.B.A. LLC ("R.U.B.G.A."). This follows our letter dated June 15, 2020, in which Colony advised that no coverage was available for the claims asserted by Botany Village Property. We write to advise that, notwithstanding the Company's prior disclaimer of coverage, Colony is agreeable to defending R.U.G.B.A. in the referenced lawsuit. However, such defense would be subject to a full and complete reservation of rights to withdraw counsel and deny coverage, as set forth below.

The Lawsuit

In the referenced *Botany Village* lawsuit, the plaintiff, Botany Village Property LLC ("Botany") alleges that it is the owner of certain property in Clifton, New Jersey, and that it entered into a construction management contract with R.U.G.B.A. on or about November 11, 2018. The

**Page 2**

contract allegedly pertained to renovations, additions and alterations to an apartment building at the property, which included a restaurant. Allegedly, the R.U.G.B.A. / Botany contract required R.U.G.B.A. to "supervise the project, hire contractors, guide and coordinate with the architect." It is further alleged that R.U.G.B.A. recommended that Botany hire defendant Seerat Construction Corp. ("Seerat") and/or D.S. Masonry Inc. ("D.S.") to perform basement foundation work. R.U.G.B.A. also allegedly entered into a subcontract agreement with D.S. to install concrete footing in the basement, pour foundation walls in the basement, pour a concrete slab in the basement, and install concrete block on the first floor.

The complaint also alleges that, on July 9, 2019, Botany entered into a contract with Seerat and/or D.S for certain basement foundation work, including block and slab installation. It is alleged that, on August 12, 2019, Seerat and/or D.S. were negligent in the performance of their work, which resulted in the partial collapse of the building. The City of Clifton allegedly ordered that the building be demolished due to its instability in the wake of the incident, which resulted in alleged damages to the plaintiff amounting to approximately $2.2 million. As against R.U.G.B.A., the complaint alleges negligence in the failure to properly supervise the project and the subcontractors working on it. The complaint also alleges negligence against R.U.G.B.A. in failing to provide professional, competent project management services and in failing to properly supervise its subcontractors and in failing to hire, select and/or recommend competent subcontractors to Botany. We understand that the loss may have occurred as the result of excavation, by or on behalf of Seerat and/or D.S., immediately adjacent to the foundation without proper shoring or other support of the foundation.

<u>The Colony Policy</u>

Colony issued policy no. 103 GL 0016521-02 (the "Colony Policy") to R.U.G.B.A. LLC. The policy is general liability insurance effective for the period January 5, 2019 to January 5, 2020 and is subject to limits of liability of $1 million each occurrence and $2 million in the aggregate. A $15,000 deductible applies per occurrence. In applicable part, Coverage A – Bodily Injury and Property Damage Liability applies to "property damage" caused by an "occurrence." While Colony is prepared to defend R.U.G.B.A. in the lawsuit, the Company hereby reserves its rights to deny coverage, in whole or in part, on the following bases.

As an initial matter, and as explained in Colony's prior correspondence, the Colony Policy contains the following contractor warranty endorsement:

**CONTRACTOR WARRANTY – SPLIT SCHEDULE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULES

| **SCHEDULE A**<br>**No Coverage Applies If Contractor Conditions Not Met** |
| --- |
| **Description of Designated Operation(s):** |

From:    Received:    Jul 16 2021 12:19pm    07/16/2021 11:26    #514    P.030/036

**Page 3**

> All work, activities, or operations involving any of the following: land excavation, building foundation formation, load bearing beam installation, load bearing beam removal, structural steel installation, structural steel removal, elevator shaft work, or performed on the exterior of any building or structure.
>
> Specified Location(s):
>
> **Contractor's Commercial General Liability Limits of Insurance Requirements:**
> Each Occurrence Limit: $5,000,000
> General Aggregate Limit: $5,000,000
> Products/Completed Operations Aggregate Limit: $5,000,000

---

> **SCHEDULE B**
> **No Coverage Applies If Contractor Conditions Not Met**
>
> **Contractor's Commercial General Liability Limits of Insurance Requirements:**
>
> Each Occurrence Limit: $1,000,000
> General Aggregate Limit: $2,000,000
> Products/Completed Operations Aggregate Limit: $2,000,000

A.  **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended by the addition of the following:

1.  **No Coverage Applies If Contractor Conditions Not Met (SCHEDULE A above applies)**

    We will have no duty to defend or indemnify any insured if prior to the commencement of any work the insured fails to satisfy all conditions precedent to coverage set forth below with respect to the designated operations described and locations specified in SCHEDULE A above. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

    The insured hereby warrants and agrees that any "contractor" has complied with all of the following conditions prior to the commencement of any work performed:

    a.  The "contractor" has signed and executed an agreement with the insured which contains the following provisions:

        (1)  An agreement to defend, indemnify, and hold the insured harmless, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor", including all expenses and legal fees incurred to defend claims alleging such losses; and

Page 4

    (2)    A requirement for the "contractor" to name the insured as an additional insured under their Commercial General Liability policy;

b.    The "contractor" has maintained "adequate insurance";

c.    The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage, and

d.    All documents required must be kept on file and made available at our request.

2.    **No Coverage Applies If Contractor Conditions Not Met (SCHEDULE B above applies)**

We will have no duty to defend or indemnify any insured if prior to the commencement of any work the insured fails to satisfy all conditions precedent to coverage set forth below with respect to all operations and locations not described or specified in SCHEDULE A above. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

The insured hereby warrants and agrees that any "contractor" has complied with all of the following conditions prior to the commencement of any work performed:

a.    The "contractor" has signed and executed an agreement with the insured which contains the following provisions:

    (1)    An agreement to defend, indemnify, and hold the insured harmless, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor", including all expenses and legal fees incurred to defend claims alleging such losses; and

    (2)    A requirement for the "contractor" to name the insured as an additional insured under their Commercial General Liability policy;

b.    The "contractor" has maintained "adequate insurance";

c.    The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage; and

d.    All documents required must be kept on file and made

Jul 16 2021 12:19pm    #514   P.033/036

07/16/2021 11:26

Received:

From:

**Page 5**

available at our request.

B.    The **DEFINITIONS** Section is amended by the addition of the following:

"Adequate insurance" means Commercial General Liability Insurance, Workers' Compensation and Employer's Liability Insurance written by an insurance carrier with an A.M. Best rating of not less than A- VII and which:

a.    Remains in full force and effect without a lapse in coverage from the date on which the contract for work being performed for the insured or on the insured's behalf is executed until the date on which the work is completed;

b.    Provides Commercial General Liability Limits of Insurance for such operations that are equal to or greater than the Limits of Insurance indicated in SCHEDULE A and B above;

c.    Provides Workers' Compensation and Employer's Liability Insurance in compliance with the statutes of the applicable state;

d.    Includes coverage for work being performed for the insured or on the "contractor's" behalf;

e.    Does not exclude any claim, "suit", loss, cost or expense arising out of any "bodily injury" to any "worker" of the "contractor" where the exclusion does not provide an exception for liability assumed by the insured under an "insured contract";

f.    Does not contain any conditions or provisions that preclude coverage based on requirements for hiring or contracting with subcontractors or independent contractors; and

g.    Does not exclude any claim, "suit", loss, cost or expense arising out of any "bodily injury" or "property damage" arising out of work being contracted to be performed by the "contractor".

"Contractor" means contractors, subcontractors, independent contractors or any other person or entity hired to perform work for the insured or on the insured's behalf.

"Worker" means any "employee", "temporary worker", "leased worker", "volunteer worker", apprentice, intern, casual laborer, borrowed employee, borrowed servant, independent contractor or subcontractor, or any person hired or retained by them, that performs work, whether directly or indirectly, for any "contractor".

C.    Nothing contained herein shall be held to vary, alter, waive or extend any of the terms of the conditions, provisions, agreements or limitations of this Policy other than as stated above.

The foregoing endorsement requires, among other items, that, in order for coverage to apply, any "contractor" (which defined term includes subcontractors) hired to perform work for or

**Page 6**

on behalf of R.U.G.B.A. must execute a contract that provides for the "contractor" to defend and indemnify R.U.G.B.A. and to obtain insurance that names R.U.G.B.A. as an additional insured. The "contractor" must also maintain "adequate insurance" as defined. For the risks included in Schedule A, the "contractor" must maintain insurance with limits of $5 million each occurrence and in the aggregate. For all other risks, the contractor must maintain insurance with limits of $1 million per occurrence and $2 million in the aggregate. It does not appear that R.U.G.B.A. fulfilled its obligations under the Colony Policy to obtain these indemnification agreements and insurance from "contractors." Accordingly, Colony reserves all of its rights to deny or limit coverage under the contractor warranty endorsement.

Exclusion j. to Coverage A – Bodily Injury and Property Damage Liability provides as follows:

> This insurance does not apply to:
>
> j. Damage To Property
>
> "Property damage" to:
>
> (5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Colony reserves all of its rights to bar or limit coverage on the basis of the foregoing exclusion, to the extent R.U.G.B.A. or its contractors or subcontractors were performing operations on the building.

Further, the Colony Policy contains the following exclusion, which appears by way of endorsement:

**EXCLUSION – PROFESSIONAL SERVICES**

> **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions and SECTION I – COVERAGES, PRODUCTS/COMPLETED OPERATIONS BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** are amended and the following added:
>
> This insurance does not apply to:
>
> **Professional Services**
>
> any "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service. This includes but is not limited to:

Jul 16 2021 12:19pm    07/16/2021 11:27    #514 P.034/036

Received:

From:

Page 7

(2)   preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(3)   inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager;

(4)   engineering services, including related supervisory or inspection services;

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury" involved the rendering of or failure to render any professional service.

The *Botany Village* complaint alleges, in significant part, that R.U.G.B.A. served as construction manager for the project at issue. In this regard, the complaint alleges that R.U.G.B.A. "owed Plaintiff a duty to provide services as a project manager in a professional manner to properly supervise the project and subcontractors" and that R.U.G.B.A. "breached said duty and was otherwise careless and negligent in failing to provide professional, competent project managerial services." Accordingly, the foregoing exclusion may apply to bar coverage for all or some of the claims at issue in the lawsuit, and Colony reserves all of its rights to deny coverage, in whole or in part, accordingly.

The Colony Policy further contains the following subsidence exclusion endorsement:

**EXCLUSION – SUBSIDENCE**

A.   **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions of the Commercial General Liability Coverage Form and SECTION I – COVERAGES, BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions of the Owners and Contractors Protective Liability Coverage Form are amended by the addition of the following:**

This insurance does not apply to:

**Subsidence**

Any claim for "bodily injury", "property damage" or "personal and advertising injury", as applicable to the above referenced coverage form, arising out of "subsidence." This exclusion applies regardless of whether "bodily injury", "property damage" or "personal and advertising injury" actually or allegedly involves, arises out of, is caused by, results from, is contributed to, or is aggravated by "subsidence" and any other cause, in any sequence and irrespective of whether such other cause is concurrent, proximate or remote.

Jul 16 2021 12:19pm   07/16/2021 11:27   #514   P.035/036

Received:

From:



**Page 8**

B.   The DEFINITIONS Section is amended and the following added:

"Subsidence" means earth movement including but not limited to, any earth sinking, slipping, rising, shifting, settling, expansion, contraction, vibration, tilting, slipping or falling away, caving in, landslide, eroding or any other movement of land or earth from any cause whatsoever.

The subject claim may involve "subsidence" as that term is defined herein, given the excavation, which is alleged to have caused the loss, as we understand the case to be. Colony therefore reserves all of its rights to deny coverage on the basis of the foregoing exclusion endorsement.

We wish to emphasize that Colony will defend R.U.G.B.A. only with regard to the claims asserted by Botany regarding the work that allegedly resulted in the loss of the building, and any corresponding crossclaims asserted against R.U.G.B.A. by other parties. Defense counsel appointed by Colony will not represent R.U.G.B.A.'s interests relative to issues of insurance coverage under the Colony Policy.

The Company hereby advises you that R.U.G.B.A. has the right to reject Colony's offer to defend, as such defense will be subject to the reservation of rights expressed above, although Colony does not necessarily admit that the law of any particular jurisdiction applies to the coverage issues. Please advise as soon as possible should R.U.G.B.A. determine to reject Colony's offer to defend under reservation of rights. In the event Colony does not hear from you, the Company will consider R.U.G.B.A. to have accepted the qualified defense from Colony. We have retained attorney Christopher McIntyre, Esq. FISHMAN MCINTYRE BERKELEY LEVINE SAMANSKY P.C. 120 Eagle Rock Avenue East Hanover, New Jersey 07936 Telephone (973) 560-9000 Fax (973) 560-0060 Email: Chris@FishmanMcIntyre.com

As with Colony's prior correspondence, this letter is without prejudice to the Company's rights pursuant to the terms, definitions, exclusions, conditions and endorsements of the Colony Policy. The Company hereby reserves the right to assert any other policy or coverage defense that may now be applicable or is later ascertained to be applicable upon further information provided to or obtained by Colony. No act of any agent, servant, or employee of the Company, including its attorneys, shall constitute a waiver or estoppel with respect to these rights. The fact that any specific coverage defense that is or may be presently applicable may not be set forth herein shall not constitute a waiver of that defense. The Company expressly reserves the right to commence legal proceedings for a judicial determination that no coverage is available under the Colony Policy. In the event Colony obtains such a determination, the Company would withdraw from R.U.G.B.A.'s defense. Colony specifically incorporates herein the coverage defenses set forth in its June 15, 2020 letter.

We trust that you understand Colony's position as set forth above. Counsel retained by the Company to defend R.U.G.B.A. subject to the reservation of rights expressed above will be in contact shortly to arrange for counsel's appearance in the lawsuit. In the meantime, please contact the undersigned should you wish to discuss this matter.

From:                    Received:

Jul 16 2021 12:15pm
07/16/2021 11:22                    #514   P.003/036

*Sove*

**Case Details | Case Number: PAS-L-002232-21**

Case Caption: R.U.G.B.A., LLC  VS COLONY INSURANCE COM PANY

Court: Civil Part                    Venue: PASSAIC                    Case Initiation: 07/13/2021

Case Track: 1                    Case Status: Active                    Jury Demand: YES - 12 JURORS

Case Type: OTHER INSURANCE CLAIM
(INCLUDING DECLARATORY JUDGMENT
ACTIONS)

Judge: DELSARDO, DARREN, J                    Team: 3

Law Firm Case ID:

**Transaction Information**

Transaction ID: LCV20211643811                    Received by eCourts On: 07/13/2021                    Total Payment Amount: $250.00

Documents Received:
**COMPLAINT**
**Case Information Statement**